**Myra Sue BARKER, Plaintiff-Appellant,**

v.

**Roy A. BARKER, Defendant-Appellee.**

Court of Appeals of Tennessee, Western Section, at Jackson.

March 5, 1984.

Application for Permission To Appeal Denied May 29, 1984.

J. Thomas Caldwell, Ripley, for plaintiff-appellant.

Douglas W. Wilkerson, Dyersburg, for defendant-appellee.

CRAWFORD, Judge.

This is an appeal by the original plaintiff, Myra Sue Barker (hereinafter Wife), from a judgment of the Law and Equity Court of Dyer County denying her alimony *in futuro*. This case has had a long and stormy history, and has reached this court not by appeal of the final decree of divorce, but by appeal from a subsequent order of the court refusing to award alimony *in futuro* because of changed circumstances. A review of the record reveals a case fraught with unusual aspects, some of which are not material to the issue before this court. However, a brief review of the proceedings will be helpful as a background to the court's opinion.

Wife filed the original complaint for divorce against Roy A. Barker (hereinafter Husband) on November 26, 1980, on the grounds of cruel and inhuman treatment. Husband joined issue on allegations of the complaint, but did not file a counter-complaint for divorce. The parties had one minor child, a son, at the commencement of the suit, and this child remained with Wife. The court entered a *pendente lite* order requiring Husband to pay $1,000 per month for the support and maintenance of Wife and the child.

From the time of the parties' marriage on November 22, 1953, they had acquired several parcels of real property which they owned as tenants by the entirety and Husband engaged in a somewhat extensive farming operation. Wife was 15 years of age at the time she married Husband and had a 9th grade education and apparently has not increased the extent of her formal education since her marriage. The parties had two children, one of which was an adult at the time of the break-up of the marriage, and Wife spent her time working on the farm, making a home and rearing the children. The parties were extensively in debt with all of the real estate encumbered as security for their debt; apparently this fact led to the entry of a rather unusual final decree in the divorce action. The decree was entered August 26, 1982,

and granted the Wife a divorce on the grounds of cruel and inhuman treatment. All of the real property owned by the parties was to continue to be owned by them as tenants in common. The Wife was given the right to occupy the home for a period of time designated in the decree as the "alimony period." The court further provided that the parties were to enter into a partnership arrangement, and, in fact, attached a partnership agreement to the final decree to be executed by the parties, but the agreement was never executed. The exclusive management and operation of the farms under this partnership arrangement was to be provided by Husband, and he was to devote his best efforts to the management and operation of the farm. Husband was to pay the sum of $800 per month to each of the parties from the farm account and the court specifically said:

> In rendering this decision, the court deems it necessary and desirable to both parties to continue the farming operations intact as the only way to effectuate a reasonable property settlement, reasonably assure a source of income for both parties and to prevent foreclosure.

The decree with the attached partnership agreement had many other requirements for the parties, some of which we found rather unique, but which have no bearing on the issue before the court in this appeal. The record indicates petitions for contempt were filed by both parties at various times, and, at one time, resulted in Wife being ordered to jail for failure to execute loan papers in connection with the farm operation. Apparently the operation of the farm did not result in any income to either of the parties, or at least to Wife, and she did not feel compelled to further increase her indebtedness. At any rate, matters worsened considerably and finally culminated in both a petition to dissolve the partnership and the supplemental complaint that precipitated the present action. Apparently the supplemental complaint was treated as a petition to award alimony *in futuro* because of changed circumstances. The only

issue presented for review is whether or not the court erred in failing to award alimony *in futuro* in this proceeding.

It is apparent that at the time of the entry of the final decree of divorce, the trial court found that Wife needed $800 per month as support and devised a plan, albeit fruitless, to provide this support without causing a complete liquidation of the farming enterprise. Hindsight proved this to be a very poor substitute for a final determination of the property rights of the parties. However, in the decree the trial court specifically retained jurisdiction over the question of alimony. *See also* T.C.A. 36–820 (1977)[1]. Since the support payments envisioned by the court were not forthcoming through the farm account, Wife sought, in effect, a modification of the decree concerning the source of the alimony payments.

Husband apparently asserts that Wife is not entitled to alimony *in futuro* for three reasons: (1) changed circumstances do not exist; (2) Husband does not possess the necessary income from which alimony payments can be made, and (3) Wife has no need for alimony payments. We find these assertions without merit. The facts pertaining to the first assertion are clear: Wife has not received nor will she in the future receive the $800 per month from the farm account as granted in the decree, and according to both counsel at oral argument, the home place has been sold with no profit to the parties because of the indebtedness, and therefore Wife is compelled to move out of the house which had provided her shelter with virtually no expense. We find it extremely difficult to understand how these facts do not represent changed circumstances that would authorize a reconsideration of an award of alimony *in futuro*. *Compare Jones v. Jones*, 659 S.W.2d 23 (Tenn.App.1983). Therefore, we hold that changed circumstances exist justifying a modification of the final decree as to alimony *in futuro*.

1. Amended in 1983, T.C.A. 36–820 (Cum.Supp. 1983).

We will now consider the remaining assertions of Husband. Husband contends that he cannot afford to pay periodic alimony and that although the Wife needed support initially, she has no such need for support at the present time. At the time of the divorce Wife was 44 years old, had married the defendant when she was 15 years old and had only a 9th grade education. She had no outside work experience or training for any type work outside the home, and spent her life maintaining the home for the parties, assisting in the farming operation and rearing the children. She listed some expenses that she incurred on a monthly basis which totalled $426, but this list did not include expenses for food, clothing or lodging. She testified that she obtained her clothing at yard sales or stores that sold used clothing. Quite significant on the question of need was the testimony of her son when on cross examination by Wife's attorney he stated that he did not eat any meals with his mother, and then on re-direct examination by Husband's attorney the following ensued:

Q. David, just one more question. Why don't you ever eat with your mother?

A. I just—there's never hardly a meal there.

On Mrs. Barker's needs we quote from the court's finding in its order on the petition.

I think Mrs. Barker is entitled to some money to live on. I think she shows no income, no way of making any money, and she's entitled to something to live on. I feel until the partnership can be terminated she is entitled to $400 a month for her living expenses, and I feel that she is entitled to a reasonable attorney fee for her attorney since she is not able to pay an attorney.

■ Since this matter was heard by the court without the intervention of a jury, it comes to us with a presumption that the findings of the trial court are correct and unless the evidence preponderates against such findings we must affirm, absent error of law. T.R.A.P. 13(d). From our review of the record we do not find that the evidence preponderates against the finding of the court that Wife is in need of some support payments in order to subsist.

The Husband made a somewhat reluctant witness, and appeared evasive concerning the extent of his farming operation and business endeavors. The record does establish, however, that subsequent to the divorce he bought, with his new wife, a home and 27 acres of land valued at approximately $64,000, which he says is encumbered by a mortgage and the notes are paid by his present wife. Husband has also purchased a couple of trucks to engage in a trucking operation, but the income from this business is not shown. He appears to be engaged in a farming operation in Madison County and Carroll County in addition to Dyer County. He has been able to borrow money from banks and is also able to sign a note to allow his minor son to borrow money. His new wife drives a Cadillac automobile, for which he says she pays.

■ The trial court made no specific finding concerning the Husband's financial ability to pay alimony payments to Wife. Our review of the record reflects an ability by Husband to conduct business operations, to borrow funds from banking institutions and to maintain a standard of living commensurate with a $64,000 home and a Cadillac automobile. These facts indicate to this court that he has an earning capacity sufficient to justify an award of periodic alimony to Wife.

■ Subsequent to the order of the court awarding Wife $400 per month support until the termination of the partnership, Wife brought a contempt proceeding against Husband for failure to pay the support ordered. An order was entered on this petition for contempt September 30, 1983, and provided that a hearing was held on September 12, 1983. We have no record of that hearing, but the court ordered that the $400 in support payments previously ordered were to be paid from partnership

funds or loans and were not the personal obligation of Husband. Since the court had previously found that Wife was in need of support, the order of court was apparently based upon a finding by the court that Husband was unable personally to pay support to Wife. We think the evidence in the record preponderates against such a finding by the court because clearly Husband is capable of paying some support, the exact amount of which we cannot ascertain because the record in regard to the Husband's income is not complete. Certainly the ability of Husband to pay is a most important factor to consider. *See Aleshire v. Aleshire,* 642 S.W.2d 729 (Tenn. App.1981). The proof, as we have stated, indicates an ability to pay, but the extent of that ability based upon income has not been established by the record.

Therefore, the action of the trial court is reversed insofar as it is determined that the $400 support ordered for the Wife is not the personal obligation of Husband and we award Wife $400 per month as alimony *in futuro.* The court awarded this $400 per month considering that Wife either possessed adequate lodging without expense or would receive adequate proceeds from the sale of the assets. Once again hindsight proves these assumptions wrong. Therefore, the case is remanded for the trial court to determine the Husband's ability to pay consistent with the needs of the Wife. The other relevant factors for a determination of alimony under the Common Law and now codified in T.C.A. § 36–820(d) (Cum.Supp.1983) should also be considered by the trial court in determining the proper amount of alimony *in futuro.* The order of the trial court also provided for attorney's fees, but the amount has not been determined. We affirm the action of the trial court awarding attorney's fees to Wife's attorney, and on remand the amount of fees are to be determined and judgment entered accordingly.

The costs of appeal are adjudged against the Husband.

NEARN, P.J. (W.S.), and BROOKS McLEMORE, Special Judge, concur.