Helen Marie **HARRINGTON**,
Plaintiff–Appellant,

v.

Billy **HARRINGTON**,
Defendant–Appellee.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

June 13, 1990.

Permission to Appeal Denied by
Supreme Court Oct. 15, 1990.

Joe P. Binkley, Jr., Nashville, for plaintiff-appellant.

George E. Copple, Jr., Nashville, for defendant-appellee.

## OPINION

CANTRELL, Judge.

In this appeal of an action for divorce the issues are the division of the marital property and the amount of alimony awarded to the wife. For the reasons stated below, we modify the division of marital property and the amount of alimony in solido. The judgment is otherwise affirmed.

After thirty-five years of marriage, three children, and the successful accumulation of a sizable estate, the parties separated in 1987 and divorced in 1989. The divorce decree awarded Mrs. Harrington a divorce on the grounds of cruel and inhuman treatment. In the division of the marital estate, the judgment awarded Mrs. Harrington the marital home and its contents having a net value of $185,000. In addition she received stocks, bank accounts, and notes receivable in the amount of $83,483. She also received a 1983 Chrysler automobile worth $3,250. Mr. Harrington received real estate worth $40,000 and personal property, consisting primarily of the accumulation of a stock option plan where Mr. Harrington formerly worked, in the amount of $358,-457. The judgment also ordered Mr. Harrington to pay Mrs. Harrington $10,000 as alimony in solido, and attorney's fees of $7,500 for Mrs. Harrington's attorney, and $500 per month as periodic alimony. Mr. Harrington was ordered to provide health insurance for Mrs. Harrington for a period of three years.

### The Factual Background

Mr. and Mrs. Harrington married in 1953. Neither had any formal education or

training beyond high school. Mrs. Harrington worked part-time before the birth of her first child in 1954 and full-time for short periods between the arrival of her three children. Early in the marriage, Mr. Harrington took a job as a salesman. He did well and the parties accumulated the property which the trial court divided in the final judgment. At the time of the hearing, Mr. Harrington worked for his son at a salary of $40,000 per year.

Somewhere between the birth of her last child and the divorce, Mrs. Harrington completed the training necessary to become a beautician. She worked at the trade for a short time but quit because Mr. Harrington did not want her to work outside the home. At the time of the divorce she was earning approximately $100 per month doing part-time work in her home.

Unfortunately, Mr. Harrington's job required him to spend many days and nights on the road. In his absence the burden of keeping the family together fell on Mrs. Harrington.

*The Division of the Marital Property*

■ In divorce or separate maintenance cases the legislature has provided that the courts shall equitably divide the marital property of the parties. Tenn.Code Ann. § 36–4–121(a) (1989). In deciding what is equitable the courts are admonished to consider all relevant factors including:

(1) The duration of the marriage;

(2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;

(3) The tangible or intangible contribution by one (1) party to the education, training, or increased earning power of the other party;

(4) The relative ability of each party for future acquisitions of capital assets and income;

(5) The contribution of each party to the acquisition, preservation, appreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner, or parent;

(6) The value of the separate property of each party;

(7) The estate of each party at the time of the marriage;

(8) The economic circumstances of each party at the time the division of property is to become effective;

(9) The tax consequences to each party; and

(10) Such other factors as are necessary to consider the equities between the parties.

Tenn.Code Ann. § 36–4–121(c) (1989).

■ In divorce cases the statute gives the trial courts broad discretion in deciding how the marital estate should be divided. *Pennington v. Pennington,* 592 S.W.2d 576 (Tenn.App.1979). We have said in prior cases that ownership of the marital estate should be presumed to be equal until proven otherwise. *Kelly v. Kelly,* 679 S.W.2d 458, 462 (Tenn.App.1984); *Salisbury v. Salisbury,* 657 S.W.2d 761 (Tenn.App.1983). On the other hand, we have also said that the statute does not mandate an equal division of the marital estate but requires an equitable division considering the factors in the statute. *Ellis v. Ellis,* 748 S.W.2d 424 (Tenn.1988). The statute specifically recognizes the contribution of a homemaker to the accumulation of property from the earnings of the working spouse. Tenn.Code Ann. § 36–4–121(c)(5).

Considering the factors set forth in the statute, we are of the opinion that the trial judge failed to equitably divide the marital estate. The duration of the marriage, Mrs. Harrington's age, her earning capacity, and her limited ability to acquire income in the future are all in favor of a more equal division of the estate. Her contribution to the marriage as a homemaker and parent are also of substantial importance. It is true that Mr. Harrington contributed most of the money with which the parties accumulated the property and that he carefully managed what he earned. It is also undoubtedly true, as the trial judge found, that living a life on the road as a salesman was not easy. But Mrs. Harrington also

**246**

helped to preserve the assets of the parties. Her efforts in that respect were a substantial contribution to the accumulation of the property.

We are of the opinion, therefore, that from the property awarded to Mr. Harrington by the trial judge, $50,000 of that amount should be awarded to Mrs. Harrington. By making this adjustment, Mrs. Harrington's share of the marital estate would amount to approximately $321,733 and Mr. Harrington's share would be approximately $348,457.

### Alimony in Solido

■ As we have indicated, the trial judge awarded Mrs. Harrington $10,000 as alimony in solido. With the adjustment we have made in the division of the marital estate, we are of the opinion that there is no longer any justification for an award of alimony in solido of any amount. *See Lancaster v. Lancaster,* 671 S.W.2d 501 (Tenn. App.1984). The judgment of the trial court is modified to delete that provision.

### Periodic Alimony

■ Since the need of a spouse is the primary factor in setting the amount of alimony, *Barker v. Barker,* 671 S.W.2d 843 (Tenn.App.1984), we turn to Mrs. Harrington's monthly expenses as the best indication of that need. The proof shows that her monthly expenses amounted to $1,943. Of that amount, approximately $400 was to pay the mortgage on the house awarded to her in the division of the marital property. Balanced against those obligations, Mrs. Harrington may reasonably anticipate an income of approximately $1,070 from her part-time employment and from the assets awarded to her. If she chose to pay off the mortgage on the house ($24,000), she would reduce her monthly obligations by $400 and her income would be approximately $180 per month less. In that case, her expenses would amount to $1,543 and her income would amount to $890 per month.

The trial judge ordered Mr. Harrington to pay $500 per month in periodic alimony. Under the circumstances of this case, we think that is a reasonable amount. With the $500 per month payment, Mrs. Harrington's income would come close to meeting her expenses, she has a sizable personal estate, and she is not totally disabled.

As modified, the judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Wilson County. Tax the costs on appeal to the husband.

LEWIS and KOCH, JJ., concur.