| | | |
|---|---|---|
| **GRETCHEN HART,** | ) | **Davidson Circuit** |
| | ) | **No. 92D-2792** |
| **Plaintiff/Appellant,** | ) | |
| | ) | |
| **VS.** | ) | |
| | ) | |
| **RONALD RICK HART,** | ) | **Appeal No.** |
| | ) | **01A01-9707-CV-00344** |
| **Defendant/Appellee.** | ) | |

FILED

July 1, 1998

Cecil W. Crowson
Appellate Court Clerk

### IN THE COURT OF APPEALS OF TENNESSEE
### AT NASHVILLE

### APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### HONORABLE MURIEL ROBINSON, JUDGE

J. Russell Heldman, #9989
320 Main Street, Suite 101
Franklin, Tennessee 37064

John J. Hollins, #2452
HOLLINS, WAGSTER & YARBROUGH, P.C.
Suite 2210, SunTrust Center
424 Church Street
Nashville, Tennessee 37219
ATTORNEYS FOR PLAINTIFF/APPELLANT

James G. Martin, III, #3083
FARRIS, WARFIELD & KANADAY, PLC
Eighteenth Floor, SunTrust Center
424 Church Street
Nashville, Tennessee 37219
ATTORNEY FOR DEFENDANT/APPELLEE

### AFFIRMED WITHOUT PREJUDICE, REMANDED

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
WILLIAM C. KOCH, JR., JUDGE
WILLIAM B. CAIN, JUDGE

| GRETCHEN HART, | ) | Davidson Circuit |
|---|---|---|
| | ) | No. 92D-2792 |
| Plaintiff/Appellant, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| RONALD RICK HART, | ) | Appeal No. |
| | ) | 01A01-9707-CV-00344 |
| Defendant/Appellee. | ) | |

# O P I N I O N

This is a post-divorce decree proceeding to adjust the amount of periodic alimony. The wife has appealed from the judgment of the Trial Court increasing the alimony from $1,000 per month to $1,350 per month.

The divorce decree, entered on May 12, 1994 stated:

> The Court has reviewed all the evidence and finds that from the proof, Mr. Hart has the lesser degree of fault in the disruption of the marital relationship and that Mrs. Hart's actions constitute inappropriate marital conduct to the extent that this Court is convinced she is the party with the greater amount of fault in the disruption of this marriage. Therefore, the Court hereby awards an absolute divorce to the husband pursuant to T.C.A. 36-4-129. The wife's complaint as it pertains to the granting of a decree to her is dismissed.

The wife received custody of the two children, who were approaching majority, and child support of $2,000 per month. When the older child reached 18, child support was reduced to $1,700, of which the wife received $1,425 and $275 was placed in a fund for the education of the younger child. On May 30, 1997, the younger child reached majority, and child support and a $303 Social Security allotment terminated.

The wife received the marital home subject to a mortgage payable at $965 per month, and certain other assets.

-2-

The divorce decree also provided:

> It is further ORDERED, ADJUDGED, and DECREED that Mr. Hart shall pay to Mrs. Hart, because of her health problems, inability to work a full time job, and need therefor, alimony *in futuro* until her death or remarriage, or until the death of Mr. Hart, whichever should occur first, in the amount of One Thousand Dollars ($1,000) per month. The first payment shall be made on the first day of the month following the close of the sale of the property at 4210 Estes Road. <u>At the time the parties' oldest child becomes emancipated, the alimony payment will be adjusted according to need at that time along with the child support adjustment</u>.

It does not appear that the $1,000 monthly alimony was modified prior to the filing of the present petition on May 7, 1997. As stated above, in response to the petition the Trial Court increased the alimony to $1,350 per month, and the wife appealed.

The wife presents the following issues for review:

> I.       Whether the Trial Court erred in awarding the plaintiff an increase of alimony of only $350 per month, and should have awarded her an increase of at least $2,000 per month for a total of $3,000 per month in alimony.
>
> II.      Whether the Trial Court erred in awarding Ms. Hart attorney's fees of only $1,200.
>
> III.     Whether the Court of Appeals should award Ms. Hart her attorney's fees incurred on appeal.

The husband adds a fourth issue as follows:

> 4.       If this Court should determine that the trial court erred, whether this Court should remand the case so that she may undergo independent evaluations because though Ms. Hart claims to be totally disabled, there is ample evidence to the contrary, including admissions by her attorney and experts that she can work.

The statutory provisions for spousal and child support have been combined and elaborated to form a long and detailed compendium of considerations including § 36-5-101(a)(2)(A) as follows:

> (2)(A) Courts having jurisdiction of the subject matter and of the parties are hereby expressly authorized to provide for the future support of a spouse and of the

children, in proper cases, by fixing some definite amount or amounts to be paid in monthly, semimonthly, or weekly installments, or otherwise, as circumstances may warrant, and such awards, if not paid, may be enforced by any appropriate process of the court having jurisdiction thereof, including levy of execution.

Subsection (d)(1) of the same code section provides:

It is the intent of the general assembly that a spouse who is economically disadvantaged, relative to the other spouse, be rehabilitated whenever possible by the granting of an order for payment of rehabilitative, temporary support and maintenance. Where there is such relative economic disadvantage and rehabilitation is not feasible in consideration of all relevant factors, including those set out in this subsection, then the court may grant an order for payment of support and maintenance on a long-term basis or until the death or remarriage of the recipient except as otherwise provided in subdivision (a)(3). Rehabilitative support and maintenance is a separate class of spousal support as distinguished from alimony in solido and periodic alimony. In determining whether the granting of an order for payment of support and maintenance to a party is appropriate, and in determining the nature, amount, length of term, and manner of payment, the court shall consider all relevant factors, including:

(A) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;

(B) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;

(C ) The duration of the marriage;

(D) The age and mental condition of each party;

(E) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(F) The extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage.

(G) The separate assets of each party, both real and personal, tangible and intangible;

(H) The provisions made with regard to the marital property as defined in § 36-4-121;

(I)      The standard of living of the parties established during the marriage;

(J)      The extent of which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party.

(K)      The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and

(L)      Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

The amount of alimony, or changes thereof rests primarily within the sound discretion of the Trial Court which will not be disturbed on appeal in the absence of a palpable error in the exercise of that discretion. *Harrington v. Harrington*, Tenn. App. 1990, 798 S.W.2d 244; *Kelly v. Kelly*, Tenn. App. 1984, 679 S.W.2d 458.

The primary basis of the wife's request for increased alimony is the termination of the child support and Social Security allotment due to the majority of the children. It was evidently intended that the child support and alimony would enable the wife to maintain the marital home for herself and children during their minority. *Jones v. Jones*, Tenn. App. 1983, 659 S.W.2d 23. She now insists that it is appropriate that she continue to maintain the same accommodations for the children now that they have become adults. This Court cannot agree, for to do so would require the husband to support the children indefinitely into their adulthood.

It is true that the termination of part of her income will reduce the ability of the wife to maintain the marital home in its pre-divorce state, but this is a necessary result of the divorce which was granted to the husband because the fault of the wife was greater than that of the husband. If the separate estate of the wife does not provide the means of maintaining the home, it will be necessary for the wife to move to a residence that she is financially able to maintain.

The wife insists that, because her disability, has increased, her ability to earn an income has decreased. However, the wife has not worked since the divorce. Therefore, her continued disability does not constitute grounds for increased alimony.

The wife admits that she has some ability to do some work. The husband sought, and the Trial Court refused, an independent medical evaluation of the wife's ability to work. This is the subject of the husband's issue stated above. This Court agrees that this is a proper case for independent evaluation by medical and employment experts.

The increase in alimony ordered by the Trial Court is justified by the evidence. Any additional increase must be justified by additional evidence of increased expenses of the wife and evidence of her disability to earn part of her expenses.

The wife asserts that the amount of legal fees allowed by the Trial Court was inadequate. Such fees are subject to the same discretion of the Trial Judge as alimony. No misuse of such discretion is found.

In view of the disposition of this appeal, the allowance of fees for prosecuting the appeal is not deemed appropriate.

The judgment of the Trial Court is affirmed without prejudice to further application for increase in alimony and proceedings thereon. Costs of this appeal are assessed against

the appellant. The cause is remanded to the Trial Court for further appropriate proceedings.

**AFFIRMED WITHOUT PREJUDICE, REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
WILLIAM B. CAIN, JUDGE