# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

FRANK GREEN BUTLER, JR.,    )
        )
    Plaintiff/Counter-Defendant,    )    Chester County No. 9198
    Appellee,    )
        )
v.    )
        )    Appeal No. 02A01-9807-CH-00184
**MELODY DIANE BUTLER,**    )
        )
    Defendant/Counter-Plaintiff,    )
    Appellant.    )

**FILED**

**June 22, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

## APPEAL FROM THE CHANCERY COURT OF CHESTER COUNTY
### AT HENDERSON, TENNESSEE

### THE HONORABLE JOE C. MORRIS, CHANCELLOR

For the Defendant/Counter-Plaintiff,
Appellant:

Angela R. Scott
Henderson, Tennessee

For the Plaintiff/Counter-Defendant,
Appellee:

Frank Green Butler, Jr., Pro Se
(Did not file a brief)

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

**OPINION**

This is a divorce case. The trial court awarded custody of the minor children to the wife, divided the marital estate, overruled the wife's motion for sanctions and motion for contempt, and declined to award attorney's fees to either party. The wife now appeals the trial court's division of marital property, the denial of her motions, and failure to award her attorney's fees. We affirm.

Plaintiff/Appellee, Frank Green Butler, Jr. ("Husband"), and Defendant/Appellant, Melody Diane Butler ("Wife"), were married for approximately nine years. Wife was fifteen years old and pregnant at the time of the marriage; Husband was eighteen years old. At trial, Wife was twenty-five years old and Husband was twenty-seven years old. During the parties' marriage, three minor children were born, Frank Butler in 1989, Chasity Butler in 1991, and Tristen Butler in 1997. The children were eight, seven, and one year old respectively at the time of trial.

The parties separated in July, 1997. On August 27, 1997, Husband filed for divorce, citing inappropriate marital conduct or in the alternative irreconcilable differences. Wife filed a counter-complaint for divorce, also citing inappropriate marital conduct or in the alternative irreconcilable differences. Husband works full time for International Paper making $10.89 per hour and on occasion does odd jobs for Chester County Independent. Wife works full time for C&R Grocery and makes $5.75 per hour. Husband completed tenth grade. Wife began ninth grade but stopped attending school when she became pregnant.

A temporary restraining order was issued on September 19, 1997, which prohibited Husband from harassing Wife, from destroying or disposing of marital or separate property, from altering, canceling or allowing insurance policies to lapse, from removing the minor children from Wife's custody, from interfering in the children's school matters, and from exercising visitation while under the influence of alcoholic beverages. A permanent restraining order was later issued to the same effect. Temporary sole custody of the children was awarded to Wife pending the divorce action, by agreed order of the parties. Husband agreed to pay $565 per month child support during the divorce proceedings.

On December 8, 1997, Wife filed a motion for contempt alleging that Husband disposed of real estate belonging to the parties, caused property to be encumbered, and forged and transferred title to Wife's car in violation of the Temporary Restraining Order. The contempt petition also alleged that Husband paid child support sporadically, creating hardship for Wife and the children.

Wife made several attempts to obtain discovery from Husband. On September 19, 1997, Wife served Husband with discovery requests. A motion to compel discovery was filed on December 8, 1997 for failure to respond to the discovery requests. In response, the trial court ordered that the discovery requests be answered by December 24, 1997. A second motion was filed by Wife on February 5, 1998 because of Husband's continued failure to respond to discovery. The trial court then allowed Husband a continuance until February 19, 1998. Wife alleges that Husband's answers to the discovery requests, received in February, 1998, were incomplete and did not contain requested information regarding Husband's financial affairs. Wife sought attorney's fees for the motions.

Husband admitted that he had hit Wife on at least one occasion and that he "took a belt and [ ] whipped her." He had three convictions for driving under the influence. The parties separated several times before their final separation in July, 1997 when Husband kicked Wife out of the marital home. He said that he kicked Wife out of the home because he received a telephone call informing him that Wife had been unfaithful to him. Wife admitted that during the course of the marriage she had had four adulterous relationships.

During the parties' marriage, they purchased a mobile home and seventeen acres of land for the marital residence. After the parties separated, Husband remained in the marital home for several months and then moved in with his mother. Wife moved into another trailer purchased for her by her parents. In his deposition, Husband stated that eight and one-half acres of the parties' land was foreclosed on after the parties separated because the parties were six months behind in their payments. He asserted that the deficiency occurred before the parties separated and that, before the separation, Wife was aware that the payments were behind.

At trial, Husband testified that he was approximately three months in arrears on the payments for the parties' mobile home and approximately two months in arrears on the payments for the parties' remaining land. He asserted that he did not have the money to make the monthly payments and was trying to hold onto the property until the divorce proceedings concluded. Although the parties owed approximately $20,000 on the mobile home, Husband contended that it was worth only ten to fifteen thousand dollars. At trial, evidence indicated that the total equity in the parties' property was approximately six thousand dollars. Husband testified that he would not be able to come up with the approximately three thousand dollars needed to pay Wife her share of the equity.

2

During the marriage, the parties borrowed funds from First State Bank. At trial, the amount owed was approximately $12,000. This amount included funds borrowed to finance Wife's car, to pay one of Husband's DUI fines, and for the installation of a well on the parties' property. The parties also financed a freezer at Term City, incurring monthly payments of $60.

After the bench trial, the trial court awarded the parties a divorce under Tennessee Code Annotated § 36-4-129, as stipulated at trial. The parties also stipulated that Wife would receive sole custody of the parties' children, and that Husband would pay $134 per week child support, maintain health insurance on the children, and maintain a $50,000 life insurance policy for the benefit of the children. Medical expenses not covered by insurance were ordered split between the parties. The parties stipulated that Wife would assume the marital debt owed to First State Bank, but that Husband would pay Wife $100 per month, representing a division of marital debt, until the parties' debt to First State Bank was satisfied. The parties stipulated that they would retain their individual vehicles and the personal property currently in their possession, with possession of the parties' freezer expressly given to Wife. The trial court ordered Wife to assume the $60 monthly payment on the freezer. The trial court ordered that the parties' mobile home and 6.9 acres of real estate be sold, with the proceeds split equally between the parties, reasoning that the parties were behind and the property would be foreclosed on if it were not sold. The trial court overruled Wife's two motions for sanctions and contempt. Each party was ordered to pay his or her own attorney's fees. From this order, Wife now appeals.

On appeal, Wife contends that the trial court erred in its division of the marital property. Wife also challenges the trial court's decision to overrule her motion for sanctions and motion for contempt. Additionally, Wife asserts that the trial court erred in failing to award her attorney's fees at the trial level and seeks attorney's fees on appeal. Husband did not file an appellate brief.

Our review of this case is *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. *See* Tenn. R. App. P. 13(d). No presumption of correctness attaches to the trial court's conclusions of law. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

Wife first asserts that the trial court erred in dividing the marital estate. Wife asserts that the trial court's order gave Wife more than one-half of the marital debt, but less than one-half of the marital property. As stated above, the trial court awarded Wife her car, all personal property in her

3

possession, the parties' freezer, and one-half of the sale proceeds from the sale of the mobile home and land. The $60 monthly payment on the freezer was allocated to Wife. Wife was ordered to assume the $12,000 First State Bank debt, but the trial court ordered Husband to pay $100 per month until the debt was paid, which was one-half of the monthly note owed to First State Bank. Wife contends that a more equitable division would award Husband the mobile home along with the entire debt thereon because he is more capable of making the payment.

An appellate court may alter the trial court's division of property only if the trial court misapplies the law or if the evidence preponderates against the trial court's factual findings. *See Wade v. Wade*, 897 S.W.2d 702, 715 (Tenn. App. 1994).

Under Tennessee Code Annotated § 36-4-121, many factors are considered in the division of marital property, including the length of marriage, the age, employability, and earning capacity of the parties, and the contributions of each party to the marriage. *See* Tenn. Code Ann. § 36-4-121(c) (1996). In *Harrington v. Harrington*, 798 S.W.2d 244, 245 (Tenn. App. 1990), this Court stated that the "ownership of the marital estate should be presumed to be equal until proven otherwise." In *Barnhill v. Barnhill*, 826 S.W.2d 443, 449 (Tenn. App. 1991), the Court held that "marital property should be equitably divided without regard to fault. An equitable division, however, is not necessarily an equal one. Trial courts are afforded wide discretion in dividing the interest of parties in jointly-owned property."

In this case, the parties stipulated to the entire property division except the sale of the parties' mobile home and land and Wife's assumption of the Term City freezer debt. Considering Husband's obligation to pay half of the debt to First State Bank, the debt to Term City was the only marital item not split equally between the parties. Wife has the freezer, and it is not inequitable to allocate the debt to her. The trial court's division of the marital property is consistent with the factors set forth in Tennessee Code Annotated § 36-4-121. Although Husband has slightly more education and a slightly higher earning capacity, both parties are struggling financially. The evidence does not preponderate against the trial court's division of marital property and allocation of marital debt, and we affirm the trial court on this issue.

Wife also argues that the trial court erred in overruling her motion for sanctions and motion for contempt. She cites Rule 37.02 of the Tennessee Rules of Civil Procedure in support of her argument:

4

If a deponent; a party; an officer, director, or managing agent of a party; or, a person designated under Rule 30.02(6) or 31.01 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Rule 37.01 or Rule 35, or if a party fails to obey an order entered under Rule 26.06, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

\* \* \*

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Tenn. R. Civ. P. 37.02. Wife asserts that because the trial court made no finding that Husband was justified in failing to respond to discovery, the trial court should have awarded her attorney's fees. Wife contends that Husband's failure to adequately respond to discovery protracted the litigation and increased Wife's attorney's fees.

" 'On appeal, the exercise of discretion by a trial court in imposing sanctions will not be disturbed in the absence of an affirmative showing of abuse.' " *State ex rel. Comm'r, Dep't of Transp. v. Cox*, 840 S.W.2d 357, 367 (Tenn. App. 1991) (quoting *Brooks v. United Unif. Co.*, 682 S.W.2d 913, 915 (Tenn. 1984)). "The authority to impose sanctions for abuse of the discovery process derives from the rules and the court's inherent powers." *Mansfield v. Mansfield*, No. 01A01-9412-CH-0058, 1995 WL 643329, at \*5 (Tenn. App. Nov. 3, 1995) (citing *Lyle v. Exxon Corp.*, 746 S.W.2d 694, 698-99 (Tenn. 1988)). Where there has been discovery abuse, the most common sanctions are monetary. *See id.* Under Rule 37 of the Tennessee Rules of Civil Procedure, sanctions ordinarily can only be applied for a failure to comply with an order of the court. *See Cate v. Samsonite Furniture Co.*, No. 03A01-9406-CV-00228, 1994 WL 706620, at \* 2 (Tenn. App. Dec. 19, 1994) (citing *Strickland v. Strickland*, 618 S.W.2d 496, 500 (Tenn. App. 1981)). The party seeking discovery, therefore, must first obtain an order requiring the delinquent party to respond to discovery, and only then can seek sanctions for the violation of that order. *See id.*

In this case, the trial judge held two hearings on Wife's motions for sanctions and for contempt for failure to respond to discovery. An order entered after the first hearing directed Husband to respond to Wife's discovery by December 24, 1997. Subsequent to the second hearing, the trial judge granted Husband a continuance and ordered him to respond to discovery by February 19, 1998. Neither hearing was made part of the record on appeal. In the absence of an adequate record on this issue, we presume that the facts support the decision of the trial judge. *See In re*

5

*Watson*, No. 176, 1990 Tenn. App. LEXIS 695 (Oct. 3, 1990). Wife has not demonstrated that the trial court abused its discretion in failing to award sanctions. The decision of the trial court is affirmed on this issue.

Finally, Wife seeks attorney's fees incurred at the trial and appellate level. She asserts that she lacks funds sufficient to pay for her legal representation. "The decision to award attorney's fees to a party in a divorce proceeding is within the sound discretion of the trial court and will not be disturbed on appeal unless the evidence preponderates against such a decision." *Storey v. Storey*, 835 S.W.2d 593, 597 (Tenn. App. 1992). In *Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn. 1983), the court held:

> The right to an allowance of legal expenses is not absolute. It is conditioned upon a lack of resources to prosecute or defend a suit in good faith. This rule is to enable the wife, when destitute of means of her own, to obtain justice and to prevent its denial. If a spouse does not have separate property of her own which is adequate to defray the expenses of suit, certainly she should not be denied access to the courts because she is unable to procure counsel.

*Id.* at 749 (citation omitted).

While it is clear that Wife has little funds with which to pay her legal fees, Husband likewise has minimal funds. Husband's financial ability was considered by the trial court in its decision to deny Wife her attorney's fees as evidenced by the trial court's statement during the discussion of attorney's fees that, "These people don't have any money." We cannot say that the trial court abused its discretion in declining to award Wife attorney's fees. The decision of the trial court is affirmed on this issue.

Wife also requests attorney's fees on appeal. This request is denied.

The decision of the trial court is affirmed. Costs are taxed to Appellant, for which execution may issue if necessary.

_____**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

6

**W. FRANK CRAWFORD, P. J., W.S.**


**ALAN E. HIGHERS, J.**

7