IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

**SARAH ANN WILKERSON,**

      Plaintiff-Appellee,

Vs.

**ROBERT WILKERSON,**

      Defendant-Appellant.

Shelby Circuit No. 154340 R.D.

C.A. NO. 02A01-9709-CV-00231

**FILED**

**July 16, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

FROM THE SHELBY COUNTY CIRCUIT COURT
THE HONORABLE JAMES E. SWEARENGEN, JUDGE

Kim G. Sims of Memphis
For Defendant-Appellant

Jerry Stokes of Memphis for Defendant
For Plaintiff-Appellee

*REVERSED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

This is a divorce case involving a dispute over the distribution of marital property.

Robert Wilkerson (Husband) appeals the judgment of the trial court awarding him $25,000.00,

representing 38.5 % of the value of the marital home, while awarding the remainder of the

marital property to Wife as alimony *in solido*.

Robert Wilkerson and Sarah Ann Wilkerson (Wife) were married on August 31, 1974 and divorced by decree entered August 21, 1997. The parties have one adult child who was twenty years old at the time of the divorce. Wife filed for divorce on January 16, 1997 alleging that the parties had irreconcilable differences and that Husband was guilty of inappropriate marital conduct. Husband counter-claimed for divorce on the same grounds. Each party accused the other of physical and emotional abuse, and Husband later admitted to at least two adulterous affairs.

Wife is a college graduate and has been employed with the Tennessee Department of Human Services for over twenty-four years. She makes over $29,000.00 per year and has a retirement account that was valued at over $33,000.00 at the time of trial. Husband is a high school graduate who held various jobs during the marriage. Husband worked for International Harvester manufacturing iron parts for farm equipment for over seven years. After the International Harvester plant closed, Husband went to work for Kellogg's where he remained for approximately eight years until suffering an injury on the job. As a result of the injury, Husband received a worker's compensation settlement of approximately $15,000.00 which he used to start a clothing business which subsequently failed. Husband could have returned to his job with Kellogg's, earning $11.25 per hour, but he claims that it was not a safe working environment and that he was continually harassed by management and co-workers. At age 60, Husband will be entitled to receive a pension of $22.00 per month from Kellogg's. If Husband waits until age 65 to begin receiving his pension, the amount will be $54.00 per month. Husband currently earns $6.00 per hour as a security guard, for a gross income, including overtime, of approximately $1,000.00 per month.

At trial, Wife's counsel argued that Husband's fault should be considered in the division of marital property. The trial court apparently agreed, stating at one point: "[I]f I have to make a division [of property], I'm going to have to hear some proof and find out who did what in this matter in order to determine what would be a reasonable division of the property." Although Husband stipulated that Wife was entitled to a divorce on the ground of inappropriate marital conduct, the trial court heard Wife's testimony regarding the fault of Husband. Wife testified to physical abuse she suffered and even testified that she contracted genital herpes as a result of

2

Husband's relationship with a prostitute.

The trial court granted Wife an absolute divorce on the ground of inappropriate marital conduct. The court found that the marital estate consisted only of the marital residence, valued at $65,000.00, and Wife's retirement account valued at $33,000.00. In addition, the court found that a 1993 Toyota automobile, titled in the names of Husband and Wife, was not marital property, because the court credited Wife's testimony which characterized the car as a gift to the parties' daughter. The court awarded Husband $25,000.00 of the equity in the marital home, and awarded the remainder of the equity to Wife as alimony *in solido*. The court also decreed that Wife shall retain the full value of her retirement account as alimony *in solido*.

Husband appeals the trial court's division of marital property and the characterization of the Toyota as a gift to daughter rather than marital property. Husband asserts that the trial court erred when it considered fault in the division of marital property and that the factors to be considered weigh in the favor of Husband. We have taken the liberty of consolidating and paraphrasing appellant's issues as follows:

1. Whether the trial court erred in classifying the 1993 Toyota automobile as a gift to daughter rather than marital property.

2. Whether the division of marital property was equitable.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against these findings, we must affirm, absent error of law. T.R.A.P. 13(d). In reviewing the record, we are mindful that trial courts have broad discretion in dividing the marital estate upon divorce. *Loyd v. Loyd*, 860 S.W.2d 409, 411 (Tenn. App. 1993); *Lancaster v. Lancaster*, 671 S.W.2d 501, 502 (Tenn. App. 1984).

Division of marital property necessarily begins with classification of the property as either separate or marital property. T.C.A. § 36-4-121(b) (1996). As for the characterization of the 1993 Toyota, Wife testified that it was intended to be a gift to the parties' daughter. Husband testified that the parties intended to allow their daughter to use the car while she was living in their household, but that upon her departure the car was to revert back to the parties. The trial court apparently was more impressed with Wife's testimony and we hold that the evidence does not preponderate against the trial court's finding that the car was a gift to daughter and therefore

3

not part of the marital estate. The trial court awarded each party their respective automobiles and found that the marital estate consisted only of the marital residence, valued at $65,000.00, and Wife's retirement account, valued at $33,000.00. Other than the dispute over the characterization of the Toyota, neither party raises issue with the trial court's determination of the content or value of the marital estate. Nevertheless, we feel that the trial court erred in failing to include the value of each party's automobile in the marital estate. In addition, the value of Husband's pension from Kellogg's, though admittedly small and difficult to value, is marital property and should be included in the total. *See **Cohen v. Cohen***, 937 S.W.2d 823 (Tenn. 1996).

It is well settled that a trial court may not consider fault in the division of marital property. T.C.A. § 36-4-121(a)(1) (1996); ***Fisher v. Fisher***, 648 S.W.2d 244 (Tenn. 1983). However, it is likely that a trial court sitting as the trier of fact in a contested divorce case will be required to hear evidence of fault as a factor to consider in determining whether or not an award of alimony is justified. Perhaps in recognition of the danger that the concept of fault might creep into the subconscious mind of the trial judge, our legislature has mandated that marital property be equitably divided "prior to any determination as to whether it is appropriate to order the support and maintenance of one (1) party by the other." T.C.A. § 36-4-121(a)(1) (1996). The factors to be considered in making an equitable distribution of marital property include:

> (1) The duration of the marriage;
> (2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;
> (3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;
> (4) The relative ability of each party for future acquisitions of capital assets and income;
> (5) The contribution of each party to the acquisition, preservation, appreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;
> (6) The value of the separate property of each party;
> (7) The estate of each party at the time of the marriage;
> (8) The economic circumstances of each party at the time the division of property is to become effective;
> (9) The tax consequences to each party; and
> (10) Such other factors as are necessary to consider the equities between the parties.

T.C.A. § 36-4-121(c) (1996).

4

In addition, this Court has stated that the ownership of marital property should be presumed to be equal unless analysis of the relevant factors militates otherwise. *Dellinger v. Dellinger*, 958 S.W.2d 778, 781 (Tenn. App. 1997); *Harrington v. Harrington*, 798 S.W.2d 244, 245 (Tenn. App. 1990).

Upon review of the entire transcript and record in this case, it appears that the division of property could have been influenced by evidence of Husband's fault. The trial court did not specify that the distribution was a division of marital property, but instead awarded almost 75% of the marital estate to Wife as alimony *in solido*. Although it is permissible to award property as alimony *in solido*, it is impermissible to characterize the inequitable division of property as alimony when the statutory factors concerning alimony enumerated in T.C.A. § 36-5-101(d)(1) weigh against any award of alimony. *See Hazard v. Hazard*, 833 S.W.2d 911 (Tenn. App. 1991) (stating that the dominant factors to consider in making an award of alimony are the need of the innocent spouse and the ability of the obligor spouse to pay). The record indicates that both parties worked to purchase and pay off the marital home. Wife testified that during the early years of the marriage, Husband earned considerably more than she and that over the years the balance has shifted. Wife is a college graduate and currently earns nearly three times as much as Husband. She testified that she can meet her monthly needs with her own income. Husband, on the other hand, is a high school graduate and has a seven percent disability rating as a result of the back injury he suffered while employed at Kellogg's. Wife alleges that Husband is underemployed, and although that is a factor for the trial court to consider, it is doubtful, given his current education and training, that Husband would ever be able to earn as much as Wife is currently. Furthermore, although neither party has much in the way of separate property, it appears that Wife is in a much better position to acquire assets in the future.

After application of the statutory factors to the facts of this case, we find that the presumption favoring an equal distribution of marital property has not been overcome. This case is remanded with instructions for the trial court to make an equal, 50/50, division of the marital property. In making this allocation, the court should consider how our ruling affects Wife's ability and desire to purchase Husband's equity in the marital residence and whether it would be preferable to invade the principal balance in Wife's retirement account. After making the division of marital property, the court can then address the issue of alimony, considering all

pertinent factors, including those set out in T.C.A. § 36-5-101(d) (1).

In summary, the parties' marital estate consists of the marital residence, valued at $65,000.00, Wife's retirement account, with a present value of $33,045.86, the parties automobiles, valued at $7,700.00 total, and the value of Husband's pension which is yet to be determined by the trial court.

The judgment of the trial court is reversed and the case is remanded for further proceedings in accordance with this opinion. Costs of the appeal are assessed equally between the parties.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**

6