# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## NANCY M. ARMSTRONG ERWIN v. RICHARD V. ERWIN
### Direct Appeal from the Chancery Court for Shelby County
### No. D28628-3 D. J. Alissandratos, Chancellor

---

### No. W1998-00801-COA-R3-CV - Decided June 26, 2000

---

       This is a divorce case. The trial court awarded custody of the parties' minor child to the wife. The husband was ordered to pay child support and alimony *in futuro* based on his earning capacity rather than his actual earnings, because he voluntarily retired early. The order included an automatic increase in alimony when the minor child reached majority and the husband's child support obligation ended. The trial court awarded more than half of the marital property to the wife and ordered the husband to pay a portion of her attorney's fees. The husband appeals, arguing that the trial court awarded excessive alimony and child support, that the trial court erred in ordering an automatic increase in alimony when the child support ended, that the division of marital property was inequitable and that the award of attorney's fees was an error. We affirm, finding that the evidence and undisputed facts support the trial court's order.

**Tenn. R. App. P. 3; Judgment of the Chancery Court is Affirmed.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which DAVID R. FARMER, J., joins, and in which W. FRANK CRAWFORD, P.J., W.S., concurs in part and dissents in part by separate opinion.

John S. Richbourg, Memphis, Tennessee, for the Appellant, Richard V. Erwin

Kathryn A. King, Memphis, Tennessee, for the Appellee, Nancy M. Armstrong Erwin

### OPINION

       Appellee Nancy M. Armstrong Erwin ("Wife") and Appellant Richard V. Erwin ("Husband") were married on February 11, 1967. The parties had a son and a daughter; at the time of the divorce, the son had reached majority but the daughter, April, 17 years old, was scheduled to graduate from high school on May 26, 1999.

       At the time of trial, Wife was 50 years old and Husband was 51 years old. Wife had a high school education and had worked in various clerical positions during the course of the marriage. At the time of trial, Wife worked for Memphis Obstetrics and Gynecological Association, P.C., with gross earnings of $2,817 per month. Husband worked for Memphis Light, Gas & Water Division for 30 years. In 1997, his gross income was $60,214. Shortly before the parties' separation, Husband voluntarily elected to retire. In 1997, he received over $60,000 gross annual income from

all sources, including pre-retirement earnings, pension benefits and income from the farm he owned, through inheritance, with his brothers.

The parties separated in July 1997. Wife filed for divorce shortly thereafter, and Husband filed a counterclaim for divorce. The trial was held on July 7 and August 25, 1998.

At trial, it was undisputed that Husband exercised little visitation with the parties' daughter. At the time of trial, the daughter was a senior in high school and was expected to have additional expenses associated with her graduation.

It was also undisputed at trial that, prior to the parties' separation, Wife was diagnosed with Human Papilloma Virus, otherwise known as genital warts, a sexually transmitted disease. Husband admitted to an extramarital relationship during the marriage, in which he engaged in unprotected sex. Wife testified that she had sexual relations only with Husband. Husband testified that he had no symptoms of the disease. The nurse practitioner who had examined Wife testified that a male partner could carry the disease while exhibiting no symptoms. It was undisputed that the disease put Wife at increased risk for vaginal cancer and might require future treatments.

The parties agreed on the value of most of the property at issue, with the exception of Husband's pension. There was dispute as to whether some property should be deemed marital, such as Husband's interest in a farm owned jointly with his brothers and the related bank accounts. Regarding Husband's pension, Wife submitted expert testimony that the present value of Husband's pension was $381,231. Husband's expert stated that he had no idea what the present value of Husband's pension was, but that Husband had paid $47,382 into the plan during the course of his employment and would receive that amount upon his death.

At the conclusion of the trial, the trial court awarded the divorce to Wife, finding Husband at fault for the demise of the marriage. Husband was ordered to pay $1,000 per month in child support until the parties' daughter graduated from high school, as well as $500 per month as alimony *in futuro*. The order provided that when Husband's child support obligation ended, less than a year after entry of the order, the alimony *in futuro* payable to Wife would increase to $1,000 per month. The trial court did not make a finding on the present value of Husband's pension, but awarded Wife 40% of Husband's pension payments, with 60% awarded to Husband. The trial court divided the remainder of the marital estate; Husband asserts that he was awarded 25% of the marital property with 75% to Wife, while Wife maintains that Husband was awarded approximately 60% with 40% awarded to Wife. Finally, the trial court ordered Husband to pay $7,000 of the $12,000 in attorney's fees requested by Wife. From this order, Husband now appeals.

On appeal, Husband argues that the trial court erred in ordering an automatic increase in alimony upon the cessation of Husband's child support obligation. He contends that the award of alimony and child support was excessive, that the distribution of marital property was inequitable, and that the trial court erred in ordering him to pay $7,000 of Wife's attorney's fees.

Since this case was tried by the trial court sitting without a jury, we review the case *de novo*

2

upon the record with a presumption of correctness of the findings of fact by the trial court. *See* Tenn.R.App.P. 13(d).

Husband argues first that the trial court erred in ordering an automatic increase in alimony when his child support obligation ended. Husband asserts that there was no proof that Wife's need for alimony would increase upon the daughter's graduation from high school.

In determining the amount of alimony, the need of the obligee spouse and the ability to pay of the obligor spouse are the most critical factors. *See Umstot v. Umstot*, 968 S.W.2d 819, 823 (Tenn. Ct. App. 1997); *Watters v. Watters*, 959 S.W.2d 585, 593 (Tenn. Ct. App. 1997) In this case, Husband's ability to pay alimony is directly affected by the termination of his child support obligation. His ability to pay increases once he is no longer obliged to pay child support. Provided the overall amount of the alimony was not excessive, the trial court's order of an automatic increase in alimony upon the conclusion of Husband's child support obligation was not erroneous.

Husband contends that the amount of alimony and child support awarded was excessive. He argues that there was no evidence to support the trial court's finding that Husband had the ability to earn over $60,000 per year. He also contends that there was no evidence that he did not exercise overnight visitation with the parties' daughter, the trial court's justification for an upward deviation in child support. He asserts that the trial court erroneously awarded alimony and child support while also awarding Wife 40% of the pension he is currently drawing. He maintains that the trial court awarded Wife an excessive amount of alimony and child support as punishment for Husband's marital misdeeds.

Tennessee Code Annotated § 36-5-101 sets forth the factors to be utilized in determining the amount of an award of alimony. These factors include the relative earning capacity of the parties and their financial resources, the duration of the marriage, the physical condition of each party, the standard of living established during the marriage, and the relative fault of the parties. Tenn. Code Ann. § 36-5-101(d)(1)(A), (C), (E), (I) and (K).

At the outset of the trial, counsel for Wife outlined to the trial court Wife's version of the facts and the issues in dispute. In an effort to streamline the proceedings, the trial judge identified for counsel the issues and facts he saw in dispute, and asked them repeatedly to tell him if there were additional facts or issues in dispute. Facts asserted by counsel for Wife in the opening statement included: (1) that Husband's total earnings from all sources in 1997 were $60,214 and that he voluntarily elected to take early retirement shortly before the parties separated, and (2) that Husband was not exercising overnight visitation with the parties' minor daughter, and that the daughter would incur unusual expenses associated with her high school graduation. In response to the trial court's inquiries, counsel for Husband[1] did not dispute these factual assertions by counsel for Wife. Under these circumstances, the trial court did not err in taking these factual assertions as undisputed, in the

---

[1]Husband was represented by a different attorney at the trial level than his counsel for this appeal.

interest of judicial economy.

As noted above, the statute governing alimony refers to the parties' relative "earning capacity," not their actual earnings. Tenn. Code Ann. § 36-5-101(d)(1)(A). The trial court found that Husband's earning capacity was evidenced by the amount he earned prior to voluntarily electing to retire, rather than the amount of pension he actually received. Under these circumstances, the evidence does not preponderate against the trial court's implicit finding that Husband was voluntarily underemployed and that Husband's earning capacity, for purposes of determining alimony and child support, was $60,000 per year. *See* Tenn. Comp. R. & Regs., ch. 1240-2-4-.03(3)(d) (imputing income for purposes of calculating child support); *Brooks v. Brooks*, 992 S.W.2d 403, 407 (Tenn. 1999) (voluntary underemployment and child support); *Garfinkel v. Garfinkel*, 945 S.W.2d 744, 747-48 (Tenn. Ct. App. 1996) (voluntary underemployment and child support); *Storey v. Storey*, 835 S.W.2d 593, 597 (Tenn. Ct. App. 1992) (alimony based on earning capacity).

The trial court found Husband at fault for the demise of the marriage and found that Husband's extramarital relationship was the source of Wife's genital disease. In awarding alimony, the trial court may take into account the physical condition of the parties and the relative fault of the parties. Tenn. Code Ann. §36-5-101(d)(1)(E) and (K). The record does not support Husband's contention that the amount of alimony awarded reflected the trial court's desire to "punish" Husband.

Husband argues that the trial court erred in awarding Wife 40% of the pension benefits he receives monthly. Husband contends that, since he is currently drawing his pension, the trial court should have considered his pension solely as income, rather than as marital property subject to division. If the pension is considered income, and the award of alimony and child support was based on Husband's earning capacity, due in part to income he receives from his pension, Husband argues that it was inequitable for the trial court to award Wife a portion of the pension in addition to the alimony and child support.

Tennessee Code Annotated § 36-4-121 (b)(1)(A) defines "marital property" as "all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage . . . ." Tenn. Code Ann. § 36-4-121 (b)(1)(A) (1996). A spouse's retirement benefits which were accumulated during the parties' marriage, as in this case, represent marital property. Tenn. Code Ann. § 36-4-121 (b)(1)(B); *Cohen v. Cohen*, 937 S.W.2d 823, 827 (Tenn. 1996); *Umstot v. Umstot*, 968 S.W.2d 819, 822 (Tenn. Ct. App. 1997); *Kendrick v. Kendrick*, 902 S.W.2d 918, 926 (Tenn. Ct. App. 1994). This is true whether the retirement or pension interest is vested or nonvested. *Kendrick*, 902 S.W.2d at 922, 924. The fact that Husband was drawing his retirement benefits at the time of the divorce hearing does not change his pension benefits from marital property to his separate property. *See Leggett v. Leggett*, No. 02A01-9408-CV-00190, 1996 WL 83898, at *1 (Tenn. Ct. App. Feb. 26, 1996)( husband's pension, which he had already begun drawing at time of divorce, was marital property subject to division by trial court) *and DuBan v. DuBan*, No. 02A01-9404-CV-00086, 1995 WL 241431, at *2 (Tenn. Ct. App. Apr. 25, 1995)(husband's military pension, which he was drawing at time of divorce, found to be marital property subject to division).

Husband also argues that the trial court's award of 40% of his pension benefits to Wife is

4

excessive, in light of the large alimony award made to Wife. He contends that the award of "spousal support" is more than Wife's demonstrated needs, and that it was inequitable for the trial court to award alimony and child support based on Husband's income level, including his pension, and then award Wife 40% of that pension.

In at least one instance in the divorce decree, the trial court referred to the award of 40% of Husband's pension benefits as alimony *in solido*. However, viewing the record as a whole, it is clear that the pension award was not an award of "spousal support," but rather an award of Wife's share of the marital property. *See Towner v. Towner*, 858 S.W.2d 888, 891 (Tenn. 1993)(provision in marital dissolution agreement requiring husband to make monthly "spousal support/alimony" payments to wife in consideration for her giving up any interest in his military pension held to be division of marital property, rather than alimony); *Marquess v. Marquess*, No. 03A01-9707-GS-00260, 1997 WL 772876, at * 3-4 (Tenn. Ct. App. Dec. 10, 1997) (award to wife of portion of husband's retirement income represented division of marital property rather than award of alimony). Had Husband not elected to retire early, Wife could have been awarded alimony plus a portion of his pension benefits, since the benefits are a marital asset. Clearly the trial court intended the same result by awarding alimony based on earning capacity plus a portion of the pension benefits.

When dividing a retirement or pension plan, trial courts may utilize one of two different methods. *Cohen v. Cohen*, 937 S.W.2d 823, 831 (Tenn. 1996)(citing *Kendrick v. Kendrick*, 902 S.W.2d 918, 927 (Tenn. Ct. App. 1994)). Under the "present value method" the trial court first determines the present cash value of the amount of pension benefits accrued during the marriage. *Id.* After determining the present cash value of the pension, the trial court then divides the pension, often by awarding the employee spouse the retirement benefits from the pension, and awarding the non-employee spouse some other portion of the marital estate equal to his or her share of the employee spouse's retirement benefits. *Id.* Under the "deferred distribution" or "retained jurisdiction" method, on the other hand, the trial court awards the non-employee spouse a percentage of the employee spouse's monthly retirement benefits, eliminating the need to determine the pension plan's present cash value. The choice of which method to use to divide the benefits is within the sound discretion of the trial court. *Id.* In this case, the trial court utilized the retained jurisdiction method of distribution. This was within the trial court's discretion.

Husband asserts that the trial court's award of 40% of his pension benefits to Wife was excessive. Trial courts are accorded wide discretion when dividing marital property in a divorce, and their distributions will be given "great weight" on appeal. *See Ford v. Ford*, 952 S.W.2d 824, 825 (Tenn. Ct. App. 1997). The trial court's division of marital property is presumed to be correct, and we will not reverse it unless the evidence preponderates to the contrary. *See Wade v. Wade*, 897 S.W.2d 702, 715 (Tenn. Ct. App. 1994); *Loyd v. Loyd*, 860 S.W.2d 409, 411 (Tenn. Ct. App. 1993). Under the circumstances in this case, given the long duration of the parties' marriage, we cannot find that the evidence preponderates against the trial court's division of the pension. The award of 40% of the pension to Wife is affirmed.

Husband argues next that the trial court awarded Wife more than an equitable share of the marital estate. He contends that the trial court was unclear in its treatment of farm property he

owned jointly with his brothers and a bank account kept in connection with the farm. Husband asserts that these items were his separate property, but that the trial court seemed to treat them as marital property by including them in the division of the marital estate.

The trial court is vested with wide discretion in its classification of property in a divorce, and its decision to classify the parties' property as either marital or separate is given great weight on appeal. *Dunlap v. Dunlap*, 996 S.W.2d 803, 814 (Tenn. Ct. App. 1998)(citations omitted); *Wilson v. Moore*, 929 S.W.2d 367, 372 (Tenn. Ct. App. 1996). The trial court's classification and division of property is presumed to be correct, unless the evidence preponderates otherwise. Tenn. R. App. P. 13 (d); *Dunlap*, 996 S.W.2d at 814; *Dellinger v. Dellinger*, 958 S.W.2d 778, 780 (Tenn. Ct. App. 1997).

Husband contends that his interest in the farm, which he acquired by inheritance, is his separate property, but that the trial court improperly included it in the marital estate. During opening statements at the trial, Wife's counsel acknowledged that Husband had inherited the farm property, but contended that Wife had an equitable interest in it due to her substantial contributions to the property during the marriage. Wife asserted that the farm's income had gone on the parties' joint tax return for the past 25 years, and that she had paid taxes on that income. Wife also asserted that she had made loans to benefit the farm, and had given money for its upkeep.

Tennessee Code Annotated Section 36-4-121(b)(2)(D) defines "separate property" as "property acquired by a spouse at any time by gift, bequest, devise or descent." Tenn. Code Ann. § 36-4-121(b)(2)(D) (1996). Therefore, at the time Husband inherited the farm property it was his separate property. However, Tennessee Code Annotated § 36-4-121 (b)(1)(B) states that " 'marital property' includes income from, and any increase in value during the marriage of, property determined to be separate property in accordance with subdivision (b)(2) if each party substantially contributed to its preservation and appreciation . . . .' " Tenn. Code Ann. § 36-4-121(b)(1)(B) (1996). From the record on appeal, we are unable to determine whether the trial court considered the farm and farm accounts to be marital property because of Wife's substantial contributions over the years to the farm property. However, from our review of the record as a whole, even if the farm property and related bank account are separate property, we cannot say that the evidence preponderates against the trial court's division of property. Therefore, the trial court's division of marital property is affirmed.

Finally, Husband argues that the trial court erred in awarding Wife $7,000 of her total $12,000 attorney's fees. A trial court's award of attorney's fees in a divorce in considered part of its award of alimony. *Long v. Long*, 957 S.W.2d 825, 829 (Tenn. Ct. App. 1997). As with alimony, a trial court has broad discretion regarding the award or denial of attorney's fees, and we will not interfere with the trial court's decision absent a clear showing that it has abused that discretion. *Aaron v. Aaron*, 909 S.W.2d 408, 411 (Tenn. 1995) (citing *Storey v. Storey*, 835 S.W.2d 593, 597 (Tenn. Ct. App. 1992) and *Crouch v. Crouch*, 385 S.W.2d 288, 293 (Tenn. Ct. App. 1964)). Considering the record in this cause, we cannot say that the trial court abused its discretion in awarding Wife a portion of her attorney's fees. Accordingly, the award of attorney's fees is affirmed.

In sum, we find no error in the trial court's order that alimony automatically increase when Husband's child support obligation ends. We affirm the trial court's award of alimony and child support based on his earning capacity rather than the amount of the pension benefits he currently receives. We affirm the upward deviation in the amount of child support based on the undisputed fact that Husband was not exercising overnight visitation with the parties' minor daughter. The amount of alimony awarded, both before and after the automatic increase, is affirmed. We affirm the trial court's award to Wife of 40% of the pension benefits, as part of the division of marital property. The division of marital property and the award to Wife of a portion of her attorney's fees is affirmed.

The decision of the trial court is affirmed. Costs on appeal are assessed against Appellant, Richard V. Erwin, for which execution may issue if necessary.

**HOLLY KIRBY LILLARD, J.**

**W. FRANK CRAWFORD, P. J., W.S.**

**DAVID R. FARMER, J.**