IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 22, 2003 Session

## SHERYLE A. HYDAS v. HERMAN LEE HYDAS

**Direct Appeal from the Chancery Court for Hamilton County**
**No. 01-0150 Part I     Hon. W. Frank Brown, III., Chancellor**

**FILED SEPTEMBER 18, 2003**

**No. E2002-02943-COA-R3-CV**

In this divorce action the Trial Court valued marital and non-marital property and divided marital property. Husband appealed the Trial Court's decision on these issues. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Grace E. Daniell, Chattanooga, Tennessee, for Appellant.

Don W. Poole, Chattanooga, Tennessee, for Appellee.

**OPINION**

In this divorce action, the husband on appeal, takes issue with the Trial Court's valuation of the parties' personal property and the classification of defendant's separate property, as well as the equitable distribution of marital property.

After an evidentiary hearing, the Trial Court found that the wife had purchased realty before the marriage, and that the wife claimed she should be given a greater share of the equity in the current marital residence, which was jointly titled, because she had invested the proceeds from

her pre-marital home. The Court found that her pre-marital home was purchased in 1986 for $52,500.00 and that a down payment of $12,500.00 was paid by the wife. The parties married in 1988, and the husband moved into the home with the wife who had made eighteen payments till that time.

The Court further found that in 1988 the parties purchased two vacant lots, and in 1993 they sold the home owned by the wife for $64,500.00 and built a new home on those two lots. This home was jointly titled, and the parties stipulated that it was worth $230,000.00. The Court determined the home to be marital property and valued the furnishings in the home at $8,000.00.

The Court then discussed the statutory factors which had to be considered in making an equitable distribution, and observed that it was important for each party to receive their own retirement benefits. The Court then awarded each party his or her own retirement assets, finding they were of similar value, and that no offset or transfer was required. The Court then divided the other assets (except the marital residence) such that the husband received $271,000.00, and the wife received $116,000. As to the marital residence, the Court said that it would take $155,906.00 of the equity to be awarded to the wife to make the parties "even". Thus, the Court deducted this amount from the value of the house, and found that there was $74,093.00 left for division. The Court declined to order the house sold, because the wife wanted to keep the home and the husband had another place to live. He noted that the husband had inherited a house with his sister, and that his one-half interest in that house had a minimum value of $56,115.00. The Court then awarded the house to the wife and ordered her to pay $25,000.00 to the husband for his equitable interest, as found by the Court.

Subsequently, the husband filed a Motion to Amend, stating that the Court had omitted the value of the wife's annuity fund of $110,000.00 in its calculations. The Court agreed that it had made an error by omitting this asset, and that to allow wife to keep this part of her retirement, the overall distribution would have to be changed. Then the Court awarded husband $44,300.00 more equity in the home, for a total equity award of $69,300.00. The Court explained that this was equitable because the wife put more into the marital residence than the husband, and the husband had another home, and greater separate assets. Ultimately, the marital estate was distributed such that wife received a total award of approximately $390,000.00, and the husband an award of $340,000.00, a roughly 53/47% split in the marital estate.

On appeal, the husband argues the Trial Court erred in valuation of certain items of marital property, viz., household furnishings and a four-wheeler, and the valuation of the ½ interest in the home he had inherited from his mother.

As to the furnishings, the wife valued those at over $10,000.00 on her Asset and Liability Statement, but testified that she had gone back and found checks where the furnishings were purchased, and that those checks totaled approximately $4,700.00, plus the cost of a couch and two chairs for which she was unable to locate invoices. The husband valued the furnishings at $20,000.00, and testified that he found invoices where they bought furniture for the new home, and

those invoices totaled $9,000.00. He said there were different items that he could not find invoices for, and maintained the $20,000.00 valuation.

The Court valued the furnishings at $8,000.00, which comes to this Court with a presumption of correctness. See Tenn. R. App. P. 13(d). *Also see, Kinard v. Kinard,* 986 S.W.2d 220-231 (Tenn. Ct. App. 1998). The evidence does not preponderate against the Trial Court's finding on this issue.

Similarly, husband disputes the value the Trial Court placed on a four-wheeler which husband purchased from his father. He testified that his father purchased the four-wheeler in 1987 when it was new for $2,100.00. He testified that he bought the four-wheeler from his father for $2,000.00 in 1999, and he felt it was now worth $400.00. The wife valued the four-wheeler at $2,000.00 on her Asset and Liability Statement, and the Trial Court found the four-wheeler was worth $1,000.00. The evidence does not preponderate against this finding, Tenn. R. App. P. 13(d).

The husband argues that the Trial Court's valuation of his ½ interest in a house he inherited from his mother was in error. He valued his interest at $10,000.00 on his Asset and Liability Statement, and the wife valued the asset at $90,000.00 on hers. During the trial, the Court asked if the parties would agree that the current appraisal on file in the tax assessor's office would be the value, divided in half, and the parties indicated their agreement. The judge stated that he would check the appraisal during his lunch hour, and no one objected. The Court reported after lunch that the records showed an appraised value of $112,300.00, and a copy was entered as Exhibit 21, with the parties' agreement.

The Trial Court then valued husband's ½ interest in this property at $56,115.00, but the husband complains the Trial Court erred in basing the evaluation on the tax appraisal. It is clear the husband's attorney consented to the action of the Trial Court, and basically stipulated that this would be the value. Thus, this issue is without merit, in that no objection was raised at the trial court level and is deemed waived.

Finally, the husband complains about the overall property distribution, arguing that it is not equitable. The Trial Court properly considered all of the statutory factors, including the factor dealing with each party's contribution to the marital estate. Pursuant to Tenn. Code Ann. §36-4-121(c), the trial court is required to consider any contributions by the parties, as well as other factors including their employment, age, ability to replace assets, value of separate estates of each, etc. It is often said that an equitable division does not have to be equal. *Barnhill v. Barnhill*, 826 S.W.2d 443 (Tenn. Ct. App. 1991). Further, "Appellate review of a division of marital property is de novo upon the record with a presumption of the correctness of the trial court's findings of fact. Trial courts have wide discretion in the manner in which marital property is divided, and their decisions are accorded great weight on appeal." *Dellinger v. Dellinger*, 958 S.W.2d 778, 780 (Tenn. Ct. App. 1997). On the evidence before us, the Trial Court's division of marital property was equitable, and we affirm his Judgment.

The cost of the appeal is assessed to Herman Lee Hydas.


_____

HERSCHEL PICKENS FRANKS, J.