IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 10, 2005 Session

## DEANE ELIZABETH CHURCH v. THOMAS NEAL CHURCH

**Direct Appeal from the Circuit Court for Williamson County**
**No. 03306     Hon. Donald P. Harris, Circuit Judge**

**No. M2004-02390-COA-R3-CV - Filed December 9, 2005**

The Trial Court granted the parties' divorce, divided the marital property, awarded alimony and fees. Issues on appeal are division of marital property, alimony award and fees. We affirm the Trial Court's Judgment, with modifications.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed, as Modified.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

John M.L. Brown, Nashville, Tennessee, for Appellant.

Phillip R. Newman, Franklin, Tennessee, for Appellee.

### OPINION

This divorce action was initiated by the wife, followed by a Motion seeking temporary support. The parties then entered an Agreed Order which stated that husband would continue to pay the wife's car payments, car insurance, health insurance, and uncovered medical expenses, the mortgage payment on the marital residence, and to pay wife $1,500.00 per month as temporary support.

Following a trial, the Trial Court decreed the parties a divorce pursuant to Tenn. Code Ann. § 36-4-129(b), and divided the marital estate approximately 50/50, along with the marital debts. The Court then addressed the statutory factors regarding alimony, and awarded the wife permanent periodic alimony of $3,000.00 per month, with the proviso that the alimony would continue until the

husband reached age 65, or until the death of either party or the wife's remarriage. The Court also ordered the husband to pay the wife's health insurance until she reached age 65, and to pay her fees and costs of $9,836.95.

On appeal, these issues are raised:

1. Was the trial court's award of marital assets to wife equitable/sufficient?

2. Did the trial court err in awarding an insufficient amount of periodic alimony to wife, in automatically terminating same upon husband reaching age 65, and in ordering life insurance in an amount insufficient to provide for wife in the event of husband's death?

3. Did the trial court err in ordering husband to pay $12,125 on the line of credit, when the evidence established that the true amount of indebtedness was $15,513.52?

4. Is wife entitled to receive an award of fees for this appeal?

5. Is husband entitled to receive an award of fees for this appeal?

The trial court divided the parties' marital property in a near-equal fashion. Wife asserts the Trial Court erred in failing to award her a greater share of the marital estate, based on the statutory factors. It is often noted by the Courts that an equitable division of the marital property does not have to be equal. *Barnhill v. Barnhill*, 826 S.W.2d 443 (Tenn. Ct. App. 1991). Further, "Appellate review of a division of marital property is de novo upon the record with a presumption of the correctness of the trial court's findings of fact. Trial courts have wide discretion in the manner in which marital property is divided, and their decisions are accorded great weight on appeal." *Dellinger v. Dellinger*, 958 S.W.2d 778, 780 (Tenn. Ct. App. 1997). We defer to the trial court's division of property unless it is inconsistent with the statutory factors or is not supported by the evidence. *Kinard v. Kinard*, 986 S.W.2d 220 (Tenn. Ct. App. 1998).

In this case, the marriage was of long duration and the parties were of similar age, but the wife had greater health concerns due to her cancer and its treatment, which left her unable to work. Further, the wife had not worked outside the home (with the husband's blessing) since the early years of the marriage, and had little or no vocational skills. At the time of the divorce, her employability and earning capacity were minimal.

The evidence showed the wife contributed to husband's education by quitting school and going to work so that he could finish college, based upon their agreement that he would be the breadwinner and she would be the homemaker. She also contributed to the husband's increased earning power by fulfilling her role as a homemaker, allowing the husband to completely focus his

attention on his work. Both parties contributed to the marital estate in their respective capacities as breadwinner and homemaker.

The husband has a greater amount of separate property, and is in better financial condition than the wife due to his income potential. He would also have greater social security benefits available. The factors regarding each party's estate at the time of marriage and any tax consequences do not impact on the result in this case. Based on the statutory factors, Tenn. Code Ann. § 36-4-121(c), we would have approved a greater award of the marital estate to the wife, but since trial courts have wide discretion in the manner in which marital property is divided, we defer to the Trial Court's division. The evidence does not preponderate against an equal division, especially in light of the fact that the wife was given periodic alimony and the husband was onerated with a greater amount of the parties' debt. The husband was also required to pay the wife's health insurance, expenses, and attorney's fees. We affirm the Trial Court's Judgment on the issue of the property division.

The wife argues that the Trial Court's alimony award was insufficient, and that the Trial Court erred in ordering that her alimony terminate when the husband reaches age 65. Also, that the insurance ordered in insufficient to protect the wife in the event of the husband's death.

The Trial Court awarded wife periodic alimony of $3,000.00 per month until the husband reached age 65 or until the death of either party, and the Court ordered husband to maintain a $100,000.00 life insurance policy with the wife as the beneficiary, to secure this obligation. The husband was also ordered to pay the wife's health insurance premiums and the yearly deductibles, until wife reached age 65.

We have previously stated:

Whether an alimony award is appropriate is dependent on the facts and circumstances of each case. The need of the recipient spouse, followed by the obligor's ability to pay, are the primary considerations in the determination of an award of alimony. *Lancaster v. Lancaster*, 671 S.W.2d 501, 503 (Tenn. Ct. App.1984); *Goodman v. Goodman*, 8 S.W.3d 289, 295 (Tenn. Ct. App.1999). In making its determination of an alimony award, the court must balance several statutory factors including those enumerated in section 36-5-101(d)(1) of the Tennessee Code.

The trial court has broad discretion in determining the type, amount, and duration of alimony based upon the particular facts of each case. *Kinard v. Kinard*, 986 S.W.2d 220 (Tenn. Ct. App.1998). The amount of alimony is largely within the discretion of the trial court. *Burlew v. Burlew*, 40 S.W.3d 465, 470 (Tenn. 2001). This Court is not inclined to alter a trial court's award of alimony absent a finding of an abuse of discretion. *Id*.

*Sullivan v. Sullivan*, 107 S.W.3d 507, 511 (Tenn. Ct. App. 2002).

Some of the statutory factors we are required to consider were discussed regarding the division of property. As stated, this marriage was of long duration. The wife's health and lack of vocational skills severely limited her earning capacity and ability to maintain her standard of living. The husband has much greater financial resources and the ability to continue to amass assets, and has a greater separate estate. Both parties contributed to the marriage as breadwinner and homemaker, and wife contributed to husband's education/earning potential.

Other factors to be considered with regard to alimony are the property division and fault. In this case, as stated earlier, the Court divided the marital estate near equal, and the husband was at greater fault in the break up of the marriage, as the Trial Court determined.

Paramount consideration is to be given to the wife's need and the husband's ability to pay. The wife testified she had a need of $5,000.00 per month to pay her necessary expenses, which evidence was largely undisputed, and did not include health insurance and medical expenses. She admitted, however, that many of her expenses were estimates, that she was currently residing with her sister and did not incur rent/mortgage expense, utility payments, etc. The Trial Court could properly consider that her estimates were inflated.

The husband testified that his monthly net income was $10,657.51. He listed his monthly expenses at $8,901.44, which included the $1,500.00 per month temporary support, wife's automobile payment, which has since ended, and the mortgage on the Utah residence, which the wife was ordered to pay half of, an estimated monthly automobile payment of almost $1,000.00 for a car which he had not yet purchased, etc. The husband's expenses as listed on his Exhibit were clearly inflated. If only the temporary support payment, wife's car payment, and half of the Utah mortgage payment were removed from the husband's total, as they would be under the Court's order, the husband's expenses would be $6,063.73, leaving husband a monthly overage of $4,600.00. Under the circumstances, the husband has the ability to pay more alimony. However, this Court typically does not disturb the Trial Court's award of alimony absent a showing that the trial court abused its discretion.[1] An abuse of discretion has not been shown in this case, and accordingly, we will not disturb the award of alimony as found by the Trial Court, but affirm its Judgment on this issue.

Regarding the duration of the alimony award, however, the wife asserts that the Trial Court erred in terminating the obligation when the husband reaches age 65. The husband argues that the Trial Court properly terminated the award at age 65 because the wife was given husband's entire 401(k) and half of his pension benefits with Caterpillar, and that these would begin paying when he reached age 65, thus giving the wife monthly income. This basis was not expressed by the Trial

---

[1] When determining whether an abuse of discretion has occurred, this Court will consider: "(1) whether the decisions are supported by the facts in evidence; (2) whether the trial court identified and applied the applicable legal principles; (3) whether the trial court's decisions are within the range of acceptable alternatives."
*Sullivan v. Sullivan*, 107 S.W.3d 507, 510 (Tenn. Ct. App. 2002).

Court, and there was no proof regarding what the wife's monthly benefit would be from either of these sources. The wife relies on our Opinion in *Sullivan v. Sullivan*, 107 S.W.3d 507, 510 (Tenn. Ct. App. 2002), where the Trial Court's decision to terminate alimony upon the husband reaching age 65, was reversed. The *Sullivan* Court stated that due to the wife's "work history and health, and the relative earning capacities of these parties, we also modify the award to be payable until death or remarriage." *Id.* at 511. The *Sullivan* opinion is instructive on this issue.

In this case, the evidence established that the wife has not worked in over 20 years, has minimal if any vocational skills, and significant health problems. Moreover, the Trial Court gave no justification for its decision to terminate the alimony obligation upon the husband's attaining age 65. Accordingly, the evidence does not establish a basis to terminate the alimony awarded at age 65, and we modify the Trial Court's Judgment to require payment of alimony until death or remarriage. Of course, an alimony award is subject to modification upon a showing of a change in circumstances which would merit such modification.

Further, the wife argues that the life insurance amount specified by the Trial Court would be insufficient to secure the husband's alimony obligations. The amount ordered would potentially be less than the total of three years alimony award to the wife. We conclude under the circumstances, that the life insurance obligation should be increased to $200,000.00. The wife's age at the time of trial was 48.

The husband concedes that the Trial Court ordered him to pay the line of credit in the "approximate" amount of $12,125.00, when the actual amount was $15,513.52. The husband agreed in his brief that he would be responsible for the full amount, and this issue was waived.

The wife asked the Court to award her additional attorney's fees incurred in this appeal. An award of attorney's fees is proper when "one spouse is disadvantaged and does not have sufficient resources with which to pay those fees." *Sullivan.* The wife was awarded significant resources from the parties' marital estate, and she did not demonstrate that she lacks sufficient resources to pay the fee on appeal. We deny her request for an additional fee.

The husband also seeks an award of fees on appeal if he was the "prevailing party". He has not established a basis for this award, and the request is denied.

We affirm the Trial Court's Judgment, as modified, and assess the cost of the appeal to Thomas Neal Church, and remand.

_____
HERSCHEL PICKENS FRANKS, P.J.

-5-