# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
October 7, 2003 Session

## LYNN ASTON BLEVINS v. LESTER STEVE BLEVINS

**Appeal from the Chancery Court for Sumner County**
**No. 2001D-303      Tom E. Gray, Jr., Chancellor**

---

**No. M2002-02583-COA-R3-CV - Filed December 30, 2003**

---

This appeal arises from Wife's complaint for divorce. Based on Husband's failure to file an answer, Wife filed a motion for default and notice of hearing. Husband attended the hearing *pro se* and was afforded the opportunity to continue the hearing to retain legal counsel but declined to do so. After receiving testimony, the trial court awarded Wife a divorce, divided marital property and awarded Wife rehabilitative alimony for 60 months. Husband appeals, asserting that the trial court's division of marital property was not fair and equitable and that Wife did not provide proof sufficient to establish a proper basis for an award of rehabilitative alimony. We reverse and modify in part the division of marital property and indebtedness and reclassify the alimony from rehabilitative to *in solido*. In all other respects, we affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of right; Judgment of the Chancery Court**
**Reversed and Modified in part, Affirmed in part and Remanded.**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Charles Hill Beaty, Gallatin, Tennessee, for the appellant, Lester Steve Blevins.

Bruce N. Oldham and Sue Hynds Dunning, Gallatin, Tennessee, for the appellee, Lynn Aston Blevins.

## OPINION

Lester Steve Blevins (Husband) and Lynne Aston Blevins (Wife) married on June 19, 1976. Two children, both of whom are now adults, were born to the marriage. On June 8, 2001, Wife filed for divorce based on irreconcilable differences and inappropriate marital conduct. Husband was properly served with the Complaint for Divorce on June 11, 2001 but failed to file an answer. On May 30, 2002, Wife filed a Motion for Default and Notice of Hearing for June 28, 2002.

There is no transcript of the June 28, 2002 hearing. We do have, however, a Statement of the Evidence which was adopted by the trial court that shows Husband appeared *pro se* at the June 28, 2002 hearing, that he was given the opportunity to continue the hearing to obtain legal counsel but chose not to do so,[1] and that Wife, who was represented by counsel, testified regarding the value of marital property and the division of marital assets and debts.

Wife's testimony provided the only evidence concerning the value of the couple's assets, including their real property, gold, silver and coin collections, financial accounts, funds on deposit, and the value of Husband's business, Village Drugs, a pharmacy. Husband did not testify. Moreover, Husband did not object to the evidence offered by Wife,[2] he did not cross-examine Wife to challenge the values she provided, and he did not offer proof of the value of the couple's assets.

Husband is a pharmacist. He owns and operates the business known as Village Drugs in Portland, Tennessee. Wife was a pharmacist but she has not worked for many years and therefore would require additional education before returning to work in the pharmaceutical field. Furthermore, she has no income and recently underwent back surgery. Wife testified that she had lingering disabilities that would prevent her from working as a pharmacist for she could not stand on her feet for long periods of time, as is required of a pharmacist.

Following the hearing, the trial court divided marital assets and debts and awarded Wife $50,000 to equalize the division of marital property. The trial court also awarded rehabilitative alimony to Wife for a period of sixty months at $3,500 per month. The Statement of the Evidence suggests that the total marital estate is worth $2,928,431. The Statement of the Evidence also suggests that 46.93% of the marital estate was awarded to Wife and 53.07% to Husband.[3] Husband disputes both the size of the estate and the proportionate division of the assets.

On August 16, 2002, Husband, now represented by counsel, filed a Motion for a New Trial or, Alternatively, Motion to Set Aside Default Judgment. The motion was denied. This appeal followed.

Husband raises two issues on appeal. First, Husband argues that the trial court's division of marital assets and debts was not fair and equitable. Second, Husband argues that Wife did not

---

[1]Husband did not retain an attorney for this hearing, stating that he told his children he would make it easy for his wife to get a divorce. Husband further stated that he did not understand that marital property would be divided and alimony awarded at the hearing; however, Wife's Complaint for Divorce specifically asked that marital property and marital debts be divided and that she be awarded alimony.

[2]The Statement of the Evidence indicates that Husband "did not give his opinion of the values of any of the marital assets, nor did he dispute any of the values as testified to by the Wife other than to question the value set by the Wife as to certain silver or gold items."

[3]These percentages apparently take into consideration the $50,000 offset awarded to Wife but fail to account for Husband's assumption of the $173,100 indebtedness on the Campbell Road property, Wife's new residence which was awarded to her.

provide proof necessary to establish a proper basis for an award of rehabilitative alimony. Wife raises no issues on appeal however she requests that she be awarded attorney fees associated with this appeal.

## Standard of Review

An appellate court's review of a trial court's findings of fact is *de novo* upon the record of the trial court accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). Unless there is an error of law, we must affirm the trial court's decision as long as the evidence does not preponderate against the findings. *Umstot v. Umstot*, 968 S.W.2d 819, 821 (Tenn. Ct. App. 1997). Where the trial court does not make findings of fact, we "must conduct our own independent review of the record to determine where the preponderance of the evidence lies." *Brooks v. Brooks*, 992 S.W.2d 403, 405 (Tenn. 1999). Questions of law are reviewed *de novo* with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

Trial courts are afforded wide discretion in dividing the interests of parties in jointly owned property. *Ford v. Ford*, 952 S.W.2d 824, 825 (Tenn. Ct. App. 1996). Accordingly, the trial court's distribution will be given great weight on appeal, and will be presumed to be correct unless we find the preponderance of the evidence is otherwise. *Barnhill v. Barnhill,* 826 S.W.2d 443, 449 (Tenn. Ct. App. 1991). The appellate courts of this state are inclined not to disturb a trial court's division of marital property unless they find that the distribution lacked proper evidentiary support or results from either an error of law or a misapplication of the statutory requirements. *Thompson v. Thompson,* 797 S.W.2d 599, 604 (Tenn. Ct. App.1990).

## Division of Marital Property

Husband has three specific arguments concerning the trial court's division of marital property. First, Husband argues that the division of property was not fair and equitable as required by Tenn. Code Ann. § 36-4-121. Specifically, Husband claims that the trial court failed to assign values to certain assets and that the court merely adopted the values proposed by Wife. Second, Husband argues that the trial court erred when it assigned to him the entire indebtedness on Wife's new residence at 4881 Campbell Road, Cross Plains, Tennessee. Third, Husband argues that the trial court failed to consider the tax consequences of a future sale of Village Drugs, and asserts that such a sale substantially alters the percentage of the estate awarded each party.

Husband asserts that the trial court failed to value much of the marital estate in the divorce decree and that such renders the division of marital property inequitable. Husband correctly notes that the divorce decree assigns values to the real property but assigns no values to the other marital assets. But for the Nicholas Fund, the Statement of Evidence adopted by the trial court reveals that the trial court received testimony from Wife regarding the value of all marital property, as well as her proposed division thereof. The Statement of Evidence also reveals that Wife is the only party

who proposed values for marital property. Husband did not introduce evidence of values and did not dispute the values presented by Wife.

The court is to, "equitably divide, distribute or assign the marital property between the parties without regard to marital fault in proportions as the court deems just." Tenn. Code Ann. § 36-4-121(a)(1). Furthermore, when fashioning an equitable division, the trial court must consider various relevant factors, including the length of the marriage; the age, health, employability, and earning capacity of each of the parties; the parties' ability for future acquisitions of capital and income; economic circumstances of the parties at the time the division is to come into effect; the tax consequences and costs related to the reasonably foreseeable sale of an asset as well as other reasonably foreseeable expenses; and such other factors needed to evaluate the equities between the parties. Tenn. Code Ann.§ 36-4-121(c).

The parties, not the court, are responsible for proposing values to marital property. *Wallace v. Wallace*, 733 S.W.2d 102, 107 (Tenn. Ct. App. 1987).

> The value of a marital asset is determined by considering all relevant evidence regarding value (citation omitted). The burden is on the parties to produce competent evidence of value, and the parties are bound by the evidence they present (citation omitted). Thus the trial court, in its discretion, is free to place a value on a marital asset that is within the range of evidence submitted (citation omitted).

*Koch v. Koch*, 874 S.W.2d 571, 577 (Tenn. Ct. App. 1993) (quoting *Wallace*, 733 S.W.2d at 107).

Applying the logic gleaned from *Wallace* and *Koch* to the situation before us, Husband and Wife both had the burden of bringing forth evidence regarding the value of marital assets, and they are bound by the evidence they present, or in this case, did not present. In addition, the trial court is free to assign the marital property a value that is "within the range of evidence submitted." *Koch*, 874 S.W.2d at 577. Moreover, a trial court has an enormous amount of discretion in its division of marital property and its division is given great weight on appeal. *Dellinger v. Dellinger*, 958 S.W.2d 778, 780 (Tenn. Ct. App. 1997) (citing *Wade v. Wade*, 897 S.W.2d 702, 715 (Tenn. Ct. App. 1994); *Wallace v. Wallace*, 733 S.W.2d 102, 106 (Tenn. Ct. App. 1987)). We are also cognizant that the division of marital property need not be equal in order to be equitable. *Watters v. Watters*, 959 S.W.2d 585, 591 (Tenn. Ct. App. 1997).

Wife's values were the only ones submitted, therefore it was reasonable for the trial court to accept Wife's valuations of the marital property as reflected in the Statement of the Evidence.[4] This is certainly within the range of evidence presented to the court. However, since neither the Statement of the Evidence nor the Final Decree of Divorce applies a value to the Nicholas Fund, we

---

[4]We find that it was reasonable for the trial court to accept Wife's valuations of the marital property as reflected in the Statement of the Evidence, including Wife's valuation of the parties' 1996 Jeep, which Husband's brief correctly points out was omitted from the Final Decree of Divorce.

are unable to determine if that value is or is not of such an extent that it may affect the equitable division of the marital assets. Accordingly, we must vacate the award of the Nicholas Fund and remand this limited issue to the trial court for valuation and equitable division. *See Langschmidt v. Langschmidt*, 81 S.W.3d 741, 750 (Tenn. 2002) (vacating and remanding due to fact that court could not determine if division of marital property was equitable).

Husband's second argument with the trial court's division of marital property pertains to the $173,100 indebtedness on Wife's new residence at 4881 Campbell Road, Cross Plains, Tennessee. The residence was awarded to Wife but the indebtedness was charged to Husband. The residence, valued at $200,000, was acquired shortly prior to the divorce and is referred to in the record as "Wife's new residence." Specifically, the residence was deeded to Wife three months after the Complaint for Divorce was filed. Husband contends that the debt should be assigned to Wife, the party who incurred the debt and who received the asset. Wife argues that the assignment of the indebtedness to Husband was proper, in light of her lack of income, medical problems, financial needs and Husband's income.

This Court considered the same issue in *Dellinger v. Dellinger*, 958 S.W.2d 778, 782 (Tenn. Ct. App. 1997), wherein the husband argued that the trial court erred in ordering him to pay the credit card debts incurred by his wife after the parties' separation. *Dellinger* recited factors set forth in *Houghland v. Houghland* for the apportioning of marital debts, which are:

(1) which party incurred the debt and the reason for the debt;
(2) which party benefitted from the loan; and
(3) which party is better able to assume the debt.

*Houghland v. Houghland,* 884 S.W.2d 619, 624 (Tenn. Ct. App. 1992).

In *Dellinger*, the credit card debts were incurred by the wife, they were incurred while the parties were living apart, and the husband did not benefit from them. Although the debts incurred by the wife were substantially less than here, the *Dellinger* court found error in the trial court's order requiring the husband to pay the wife's credit card debts incurred while the parties were living apart. Here, the indebtedness is substantial, $173,100, and Wife received the encumbered asset which has a value greater than the debt. Applying the factors in *Houghland* and the rational in *Dellinger*, we find the trial court erred in assessing the $173,100 mortgage on the recently acquired residence to Husband instead of Wife. Accordingly, we reverse the trial court's allocation of this debt and assess the $173,000 mortgage to Wife instead of Husband.[5]

Husband's third argument with the trial court's division of marital property pertains to the tax implications of a future sale of Village Drugs, arguing that Tenn. Code Ann. 36-4-121(c)( 9) compelled the trial court to consider the tax implications. The only evidence presented to the trial

---

[5]By making Wife responsible for this debt, the trial court's calculation of percentages of the marital estate awarded to each party as reflected in the Statement of the Evidence is now more accurate.

court pertaining to the value of Village Drugs was $1,450,000. The trial court awarded Wife a one-half interest in Village Drugs and required that Husband purchase Wife's $725,000 half interest. Specifically, the trial court gave Husband a period of time to purchase Wife's interest and awarded Wife a lien against the business to secure Wife's interest.

Husband insists that the property awarded Wife is excessive due to the trial court's alleged failure to consider that he will bear the tax liability if and when he sells the business. Wife asserts that Husband did not offer proof at trial regarding the sale of the business, that nothing in the record indicates that he intends to liquidate the business, and that until any such sale is consummated, Husband stands to benefit from monthly income generated from the business as well as any appreciation in value.

*Fulbright v. Fulbright*, 64 S.W.3d 359 (Tenn. Ct. App. 2001) addressed such tax considerations and held that, "While the tax consequences certainly are a factor to be considered in making an equitable distribution of property, it is but one factor." *Id.* at 366. In *Fulbright*, the husband argued that the trial court's division was inequitable for the court had not considered the tax consequences. This Court affirmed the trial court's division of marital property in *Fulbright* and dismissed the husband's argument that the trial court's division was inequitable, holding, "There was no proof at trial that Husband intended to liquidate any of these assets in the near future. Thus, while eventually they will be subject to income tax, this may not occur for many years. In the interim, Husband will receive income, and any appreciation on the currently untaxed assets." *Id.* at 366-367.

Wife testified that her valuation of Village Drugs was based on Husband's statement. Husband did not raise the tax consequence of a sale as an issue at trial. There is no evidence to suggest a sale of Village Drugs is in the foreseeable future, and the trial court did not order Husband to sell Village Drugs. Further, the uncontraverted testimony contained in the record reflects that the business will generate income from which only Husband will benefit. Tenn. Code Ann. § 36-4-121(c) provides that the trial court is to consider all "relevant" factors when dividing marital property. Based upon the foregoing, we find that the evidence does not preponderate against the trial court's award of Village Drugs to Husband and the granting of a lien of $725,000 to Wife.

Rehabilitative Alimony

Husband's second issue on appeal is that the trial court's award of rehabilitative alimony was improper. Specifically, Husband asserts that the record lacks any evidence justifying an award of spousal support, or in the alternative, the lower court's award was excessive and should be reduced to reflect the true purpose of an award of rehabilitative alimony. Husband cites the couples' educational backgrounds, earning capacities and financial resources as reasons why alimony is not appropriate. The trial court held:

> The Wife is in need of alimony for her own support and maintenance. Inasmuch as the statutory preference is for rehabilitative alimony, the Wife is hereby awarded rehabilitative alimony for a period of sixty months in the amount of $3,500 each,

with the Court to retain jurisdiction to modify or extend this award if appropriate. The Court finds that the Husband has the ability to pay this amount based upon the division of assets proposed herein and the income anticipated therefrom.

Wife requested permanent alimony of $4,500 per month and argues that the record contains substantial evidence to support an award of rehabilitative alimony, including her testimony regarding her lack of income, medical problems and remaining disabilities and Husband's monthly income resulting from property division which was estimated to be between $13,000 and $15,000 per month.

When deciding whether an award of support and maintenance is appropriate, the trial court must consider the following relevant factors:

(A) The relative earning capacity, obligations, needs and financial resources of each party including income from pension, profit sharing or retirement plans and all other sources;

(B) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;

(C) The duration of the marriage;

(D) The age and mental condition of each party;

(E) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(F) The extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage;

(G) The separate assets of each party, both real and personal, tangible and intangible;

(H) The provisions made with regard to the marital property as defined in § 36-4-121;

(I) The standard of living of the parties established during the marriage;

(J) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions; and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(K) The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and

(L) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-5-101(d)(1).[6] Furthermore, while a trial court must consider all relevant statutory factors to determine if an economically disadvantaged spouse can be rehabilitated, the most

---

[6] The version of Tenn. Code Ann § 36-5-101(d)(1) applied and cited above has since been amended.

-7-

important statutory factors are the disadvantaged spouse's need and the other spouse's ability to pay. *Burlew v. Burlew*, 40 S.W.3d 465, 470 (Tenn. 2001); *Robertson v. Robertson*, 76 S.W.3d 337, 342 (Tenn. 2002).

Husband and Wife were married for almost 25 years. Wife is 51 years old and has no income. She has not worked outside of the home for several years and would need to take additional classes to be able to work in the field in which she obtained her degree. Wife testified that she did not anticipate being able to contribute to her own support in the near future. In addition, she has recently undergone back surgery, which prevents her from spending extended time on her feet. Moreover, she does not expect her medical problems to improve significantly. In contrast, the record shows that Husband is gainfully employed and has a steady monthly income.

The trial court is given broad discretion in awarding spousal support. *Watters*, 959 S.W.2d at 593 (citing *Brown v. Bro*wn, 913 S.W.2d 163, 169 (Tenn. Ct. App. 1994)). "The amount of alimony awarded is largely a matter left to the discretion of the trial court, and the appellate courts will not interfere except in the case of an abuse of discretion." *Burlew v. Burlew*, 40 S.W.3d 465, 470 (Tenn. 2001). "A trial court acts within its discretion when it applies the correct legal standard and reaches a decision that is not clearly unreasonable." *Bogan v. Bogan*, 60 S.W.3d 721, 733 (Tenn. 2001). Upon a thorough review of the record, we find the evidence does not preponderate against the amount of the trial court's award of spousal support. Thus, the trial court's award to Wife of spousal support of $3,500 per month for a period of 60 months is affirmed. However, we take issue with the trial court's reference to this award as rehabilitative.

Rehabilitative support and maintenance is a separate class of spousal support as distinguished from alimony in solido and periodic alimony. Tenn. Code Ann. § 36-5-101(d)(1). "[T]he advent of rehabilitative support did not totally displace permanent alimony; the courts may still award long-term support and maintenance until remarriage or death of the recipient in situations where rehabilitation is simply not feasible." *Isbell v. Isbell*, 816 S.W.2d 735, 739 (Tenn. 1991). The facts before us establish that it will be most difficult to rehabilitate Wife given Wife's age and health. Admittedly, Wife possesses the same educational background as Husband, however, due to her lack of work experience and medical problems, it is unlikely that the trial court's award will enable her to be rehabilitated. Accordingly, we find that the award of rehabilitative alimony is not supported by the facts of this case. Nevertheless, we agree that Wife is deserving of alimony; therefore, the trial court's award of $3,500 per month for 60 months is modified to alimony *in solido* rather than rehabilitative.

Attorney Fees

Finally, Wife is seeking to be reimbursed the attorney fees associated with this appeal. She relies on *Lancaster v. Lancaster* and argues that she should not have to use assets received in the divorce to defend the claims Husband raises on appeal. 671 S.W.2d 501, 504 (Tenn. Ct. App. 1984). Given the fact that both parties were successful on appeal, we decline to award attorney fees. *See*

*Smith v. Smith*, 984 S.W.2d 606, 610 (Tenn. Ct. App. 1999).  Accordingly, both parties are responsible for their respective attorney fees associated with this appeal.

Accordingly, the trial court's decision is reversed in part, modified in part, affirmed in part and remanded.  Costs are taxed to Husband.


_____
FRANK G. CLEMENT, JR., JUDGE